IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KAREN G. BURKEEN,              )
                               )
          Plaintiff,           )
                               )
     v.                        )         1:15CV420
                               )
ADVANTAGE RN,                  )
                               )
          Defendant.           )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court are a motion to dismiss (Doc. 8) and a motion to transfer (Doc. 9), filed by Defendant Advantage RN ("Defendant"). Plaintiff Karen G. Burkeen ("Plaintiff") has responded, agreeing that the motion to dismiss should be granted (Doc. 15) but opposing the motion to transfer. (Doc. 16.) Additionally, Plaintiff has filed a motion to amend the complaint (Doc. 17), an Amended Complaint (Doc. 18)[1], and a motion to remand to state court. (Doc. 19.) Defendant has filed a Reply in support of the motion to dismiss and motion to transfer (Doc. 22), and responded in opposition to Plaintiff's motions to amend the complaint and to remand to state court.

---

[1] As set forth below, this court will deny Plaintiff's Motion to Amend as moot. Correspondingly, the Amended Complaint filed by Plaintiff, (see Doc. 18), has not been considered in this ruling.

(Doc. 23.) A status conference and oral argument hearing was held on March 7, 2016. (See Minute Entry 03/07/2016.) For the reasons stated herein, Defendant's motion to dismiss (Doc. 8) will be granted, Plaintiff's motion to remand (Doc. 19) will be denied, Plaintiff's motion to amend (Doc. 17) will be denied as moot, and Defendant's motion to transfer venue (Doc. 9) will be denied without prejudice.

## I. BACKGROUND

Plaintiff is a registered nurse who was contacted about a possible job opportunity by Defendant, a company that hires and places traveling nurses. (Complaint ("Compl.") (Doc. 4) ¶¶ 8-9.) Plaintiff and Defendant entered into a contract that placed Plaintiff at Beacon of Hope Hospice, located in Bull Head, Arizona. (Id. ¶ 10.) Plaintiff successfully completed her first assignment, and on September 9, 2014, entered into a second contract with Defendant that sent Plaintiff to a second location of Beacon of Hope Hospice, located in Henderson, Nevada. (Id. ¶ 17; Ex. A.) Plaintiff worked nine weeks at Beacon of Hope Hospice in Nevada, continually surpassing the 40 hours of work per week that she had contracted for. (Id. ¶¶ 21, 25.) Plaintiff alleges that because of the large amount of overtime she was working, she became ill, and told her superiors that she

-2-

Case 1:15-cv-00420-WO-JEP Document 25 Filed 03/22/16 Page 2 of 17

was unable to continue working a high number of overtime hours, a decision which she alleges both her superiors at Beacon of Hope and Defendant supported. (Id. ¶¶ 31-38.) After this, Plaintiff alleges that she sent an email to a fellow nurse explaining that due to her normalized hours, she could no longer help with other patients, and needed to focus on her own patients and tasks. (Id. ¶¶ 41-43.) According to Plaintiff, these communications angered several of her supervisors, and, after discussing whether she was allowed to refuse overtime hours with an employee of Defendant, Plaintiff resumed working overtime hours as requested by her superiors at Beacon of Hope. (Id. ¶¶ 45-49.) Plaintiff alleges that she was then terminated by Defendant on November 26, 2014, and told that the termination was related to "excessive misuse of overtime." (Id. ¶¶ 50, 52.) Plaintiff, a resident of Yadkin County, (see id. ¶ 1), filed suit in Forsyth County Superior Court on April 22, 2015, and Defendant removed the case to this court on May 29, 2015 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (See Notice of Removal (Doc. 1).)

## II. ANALYSIS

Plaintiff has brought claims for breach of contract, nonpayment of wages, unfair and deceptive trade practices, and

punitive damages under Chapter 1D of the North Carolina General Statutes. (Compl. (Doc. 4) ¶¶ 55-79.)  Defendant has moved under Federal Rule of Procedure 12(b)(6) to dismiss Plaintiff's second, third, and fourth causes of action for failure to state a claim, and moving to transfer venue to Nevada.  (See Def.'s Mot. to Dismiss (Doc. 8); Def.'s Mot. to Transfer (Doc. 9).)  In response, Plaintiff filed a motion titled "Plaintiff's Motion in Support of the Defendant's Motion to Dismiss," agreeing that the three claims should be dismissed (Doc. 15), a motion to amend her complaint (Doc. 17), and a motion to remand the case to state court (Doc. 19).

**A.   Motion to Remand and Motion to Dismiss**

A court has an independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, must "raise lack of subject-matter jurisdiction on its own motion," without regard to the positions of the parties. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); accord Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by [the] court.") (internal citation omitted).  This principle is reiterated in paragraph

-4-

(c) of 28 U.S.C. § 1447, which further provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant removed this case to federal court pursuant to 28 U.S.C. § 1332 on the ground that the suit is between citizens of different states, with an amount in controversy exceeding $75,000. (See Notice of Removal (Doc. 1).) In order to establish the jurisdictional amount, Defendant calculated potential damages in excess of $75,000 as a result of the principle amount of the contract claim ($24,110.39), the Chapter 75 treble damage claim ($72,331.17 in total), and statutory attorney's fees. (Id. ¶ 13.)

For purposes of removal jurisdiction, a court must examine the circumstances in a case as of the time the case was filed in state court. Talantis v. Paugh Surgical, Inc., 273 F. Supp. 2d 710, 712 (M.D.N.C. 2003). As such, "events occurring after removal that destroy diversity or reduce the amount in controversy will not divest the court of its jurisdiction." Id.; see also Porsche Cars N. Am., Inc. v. Porsche.net, 302 F.3d 248, 255 (4th Cir. 2002) ("[I]t is black-letter law that the conditions that create diversity jurisdiction, one well-known

-5-

basis for subject-matter jurisdiction, need not survive through the life of the litigation."). Although Plaintiff is correct that "doubts regarding the propriety of removal are resolved in favor of remand" due to the narrow construction of removal jurisdiction, Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994)[2], the Supreme Court has explained that, after removal is granted, even if "the plaintiff . . . by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).

As noted, ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith. See McDonald v.

---

[2] This court notes that the situation in Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148 (4th Cir. 1994) is distinguishable from the case here. In Mulcahey, a district court granted removal from state court on the basis of federal question jurisdiction. Id. at 151. The plaintiffs appealed the grant of removal, and the Fourth Circuit reversed, explaining that, given the narrow scope of removal jurisdiction, a reference in a complaint for negligence to environmental statutes that had been violated, but created no private right of action, was not sufficient to create subject matter jurisdiction under 28 U.S.C. § 1331. (Id. at 153-54.) In contrast here, removal has already been granted, and that decision has not been appealed. Now that removal is final, this court will retain jurisdiction of the action regardless of any amendment by Plaintiff destroying diversity jurisdiction.
-6-

Patton, 240 F.2d 424 (4th Cir. 1957). But, as that case further stated, on the authority of St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938):

> (I)t has been further recognized that while good faith is a salient factor, it alone does not control; for if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. . . . However, the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim.

McDonald, 240 F.2d at 426. In this case, in light of the dismissal of Plaintiff's punitive damages claims, it is a very close call as to whether the allegations in the Complaint meet even the de minimus standard of impossibility of recovery required by St. Paul as explained hereinafter.

Plaintiff's cause of action is for breach of her employment contract, and the allegations in her complaint relate solely to the facts surrounding that alleged breach. However, Plaintiff has also alleged that she is entitled to punitive damages, as well as treble damages and attorney's fees for unfair and deceptive trade practices in violation of North Carolina General Statute § 75-1.1. (Compl. (Doc. 4) ¶¶ 76-77, 79.) It was on the basis of these allegations concerning damages that Defendant removed the case.

As Defendant persuasively points out, North Carolina courts have repeatedly held that such damages are, as a matter of law, not available for a breach of contract in employment situations. The right to recover punitive damages is defined by statute. See N.C. Gen. Stat. § 1D-1 et seq. According to that statute "[p]unitive damages shall not be awarded . . . solely for breach of contract." N.C. Gen. Stat. § 1D-15(d). Here, as discussed above, Plaintiff's allegations detail only a breach of her employment contract, and Plaintiff is thus barred by North Carolina law from receiving punitive damages.

Similarly, treble damages are only available under N.C. Gen. Stat. § 75-16 for violations of N.C. Gen. Stat. § 75-1.1, which prohibits unfair and deceptive trade practices. In order to plead such a claim, a plaintiff must allege that "(1) defendant committed an unfair or deceptive act or practice, (2) the act in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Kelley v. CitiFinancial Servs., Inc., 205 N.C. App. 426, 433, 696 S.E.2d 775, 781 (2010) (citations omitted). Here, the allegations made by Plaintiff show only the breach of an employment contract. North Carolina courts have repeatedly held that employer-employee relationships do not fall within the intended scope of

-8-

N.C. Gen. Stat. § 75-1.1. See Dotson v. Sears, Roebuck & Co., No. 1:00CV280, 2001 WL 1019877, at *1 (W.D.N.C. July 5, 2001) ("It is the law of [North Carolina] that [a] plaintiff cannot bring [an unfair and deceptive trade practices] action against her employer."); HAJMM Co. v. House of Raeford Farms, Inc., 328 N.C. 578, 593, 403 S.E.2d 483, 492 (1991) ("Although this statutory definition of commerce is expansive, the Act is not intended to apply to all wrongs in a business setting. For instance, it does not cover employer-employee relations."); Buie v. Daniel Int'l Corp., 56 N.C. App. 445, 448, 289 S.E.2d 118, 120 (1982). As Plaintiff has alleged nothing other than an employer-employee relationship and a related breach of contract, her claim does not fall under the statute that allows for treble damages, and it is thus a legal certainty that she cannot recover them.

For all of these reasons, this court concludes that Plaintiff's causes of action seeking recovery of punitive damages, that is, Plaintiff's third, and fourth causes of action are subject to dismissal, and, to the extent the second cause of action makes a claim for any punitive damages or intentional tort damages, Defendant's motion to dismiss should be granted. At most, Plaintiff is entitled to recover $24,110.39 based on

claims for past wages, future wages, bonuses, and travel expenses; Plaintiff may also be entitled to recover reasonable attorney's fees under N.C. Gen. Stat. § 95-25.22(d).[3] (See Compl. (Doc. 4) ¶¶ 59-61, 70.)

As to the attorney's fees recoverable under N.C. Gen. Stat. § 95-25.22, while generally, attorney's fees are not included in the amount-in-controversy calculation, courts have created two exceptions to this rule: "(1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees." 15–102 Moore's Federal Practice, Civil § 102.106(6)(a). N.C. Gen. Stat. § 95-25.22 allows for the recovery of attorney's fees. However, given the amount in controversy in this action, $24,110.39, and the amount sought under the statute allowing for attorney's fees, $2,000, this court finds that even if attorney's fees were awarded, the amount in controversy still would not meet the requirement, as

---

[3] Defendant has moved to dismiss Plaintiff's claim (second claim for relief) under N.C. Gen. Stat. § 95-25.1 "since all of the work was performed outside of North Carolina." (Def.'s Br. in Supp. of Mot. to Dismiss & Mot. to Transfer ("Def.'s Br.") (Doc. 10) at 6.) There is likely merit as to that argument, however, because the contract claim will be allowed to continue, and because the choice of law issues may resolve this claim, this court will deny the motion to dismiss the second claim for relief without prejudice at this time. As such, Plaintiff's first and second claims for relief remain in the case.

"[e]xperience and common sense suggest," that the fees in this case would not exceed the $75,000 needed to meet the threshold for jurisdiction. Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013), cert. denied, ____ U.S. ____, 134 S. Ct. 986 (2014).

Thus, as relates to Plaintiff's motion to remand, presently the case will not meet the jurisdictional requirement of $75,000. However, as noted previously, jurisdiction is determined at the time of the filing of the complaint. Talantis, 273 F. Supp. 2d at 712. Given all of the above facts, while it is a close call, this court is reluctant to find that at the time the complaint was filed "the legal impossibility of recovery [was] so certain as virtually to negative the plaintiff's good faith in asserting the claim." McDonald, 240 F.2d at 426. As a result, the motion to remand will be denied.

**B. Defendant's Motion to Transfer**

Defendant has filed a motion to transfer this action to the United States District Court for the District of Nevada, Southern Division. (Doc. 9.) Transfer of venue is governed by title 28 U.S.C. § 1404, which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

-11-

other district or division where it might have been brought." 28 U.S.C. § 1404(a). For the reasons described herein, this court will deny the motion without prejudice. The case will remain in this district through the close of discovery; if, at that time, a trial is likely, necessitating the calling of witnesses from Nevada as anticipated by Defendant, Defendant may again move for a transfer of venue.

Defendant does not contend venue is improper in North Carolina. Instead, Defendant alleges the balance of the 1404(a) factors weigh in favor of a transfer. In considering a motion to transfer under § 1404(a), a court considers the following discretionary factors:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

Speed Trac Techs., Inc. v. Estes Express Lines, Inc., 567 F. Supp. 2d 799, 802 (M.D.N.C. 2008). "Unless the balancing of

these factors weighs strongly in favor of the defendant, the plaintiff's choice of forum generally should not be disturbed. A court also should not transfer venue where doing so would only shift the inconvenience to another party." Brown v. Flowers, 297 F. Supp. 2d 846, 850 (M.D.N.C. 2003).

Plaintiff's choice of forum is North Carolina, however, Plaintiff does not appear to contest that this action could have originally been brought in Nevada and this court recognizes that to be the case. A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). It appears from the face of the complaint that a substantial part of the events giving rise to the claim at issue here occurred in Nevada, and as such, venue would be proper there. (See Compl. (Doc. 4).)

Turning to the factors to be considered on a motion to transfer, although Defendant concedes that the first factor, the Plaintiff's initial choice of forum, is ordinarily "entitled to respect and deference," Defendant notes that it is not conclusive. See Speed Trac, 567 F. Supp. 2d at 803. A plaintiff's choice of forum will receive less weight if: "(1) the plaintiff chooses a foreign forum, or (2) the cause of

-13-

Case 1:15-cv-00420-WO-JEP   Document 25   Filed 03/22/16   Page 13 of 17

these factors weighs strongly in favor of the defendant, the plaintiff's choice of forum generally should not be disturbed. A court also should not transfer venue where doing so would only shift the inconvenience to another party." Brown v. Flowers, 297 F. Supp. 2d 846, 850 (M.D.N.C. 2003).

Plaintiff's choice of forum is North Carolina, however, Plaintiff does not appear to contest that this action could have originally been brought in Nevada and this court recognizes that to be the case. A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). It appears from the face of the complaint that a substantial part of the events giving rise to the claim at issue here occurred in Nevada, and as such, venue would be proper there. (See Compl. (Doc. 4).)

Turning to the factors to be considered on a motion to transfer, although Defendant concedes that the first factor, the Plaintiff's initial choice of forum, is ordinarily "entitled to respect and deference," Defendant notes that it is not conclusive. See Speed Trac, 567 F. Supp. 2d at 803. A plaintiff's choice of forum will receive less weight if: "(1) the plaintiff chooses a foreign forum, or (2) the cause of

action bears little or no relation to the chosen forum." Id. (citing Harris v. Nussbaum, No. 1:97CV01029, 1998 U.S. Dist. LEXIS 15144, at *10-11 (M.D.N.C. June 19, 1998). "[T]he deference given to the plaintiff's choice is proportionate to the relation between the forum and the cause of action." Parham v. Weave Corp., 323 F. Supp. 2d 670, 674 (M.D.N.C. 2004). Here, Plaintiff's choice of forum, the Middle District of North Carolina, has limited relation to the controversy at issue. The connections with North Carolina are Plaintiff's residence in Yadkinville, (Compl. (Doc. 4) ¶ 1), the office that Defendant apparently maintains in Charlotte, which is located in the Western District of North Carolina, and a single employee at that office, Emily Caulder, with whom Plaintiff alleges that she corresponded. (See id. ¶¶ 4, 28.)

In reviewing the other factors, it appears there are material witnesses and documents which are located in Nevada and, while Defendant contends this court has no power to compel the attendance of those witnesses to trial, (see Affidavit of Melissa Rodzinak ("Rodzinak Aff.") (Doc. 9-1) ¶¶ 7-17; Def.'s Br. (Doc. 10) at 16 ("None of these witnesses could be compelled to travel to North Carolina . . . .")), this court is not persuaded that discovery will be unduly burdensome for either

-14-

Plaintiff or Defendant. A party may conduct and compel discovery outside of the jurisdiction where the action is pending. See Fed. R. Civ. P. 37(a). Further, while the facts that gave rise to the current suit occurred in Nevada and the contract may be governed by Arizona law, a North Carolina court is capable of applying Nevada or Arizona law in what appears to be a relatively simple case; that factor is of little weight here. (Id.)

After review of all the factors, it appears to this court that the balancing of these factors does not weigh strongly in favor of the defendant at this juncture. Neither party is a resident of Nevada, as Defendant's home office is in Ohio. (Rodzinak Aff. (Doc. 9-1) ¶ 2.) Both Plaintiff and Defendant have at least a presence in this state, as Plaintiff was recruited for temporary job assignments by Defendant in this state, both parties were aware of Plaintiff's residence here, and Defendant maintains some type of office in this state. Furthermore, because the job assignments were temporary, it appears Defendant was aware of the likelihood of Plaintiff's return to this state upon completion of those temporary assignments. At this preliminary stage, there are relative advantages and obstacles for each party to obtaining a fair

-15-

Case 1:15-cv-00420-WO-JEP   Document 25   Filed 03/22/16   Page 15 of 17

trial in either North Carolina or Nevada.  Transferring the case now would simply substitute Defendant's current inconvenience for Plaintiff's inconvenience of having to litigate a small claim in a jurisdiction located both a substantial distance from Plaintiff's residence and in a state in which Defendant has not alleged the existence of an office or other location.  (See generally Rodzinak Aff. Doc. 9-1).)

However, it appears to this court that the sixth factor, the "relative advantage[s] and obstacles to a fair trial" and the seventh factor, "other practical problems that make a trial easy, expeditious, and inexpensive" may prove after discovery to move the balance in favor of transfer to Nevada.  As a result, this court finds the motion to transfer should be denied without prejudice.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED IN PART** and the Third and Fourth Claims for Relief are **DISMISSED WITH PREJUDICE** and that any claims for punitive damages or intentional tort as to the Second Claim for Relief are **DISMISSED WITH PREJUDICE**. Defendant's motion to dismiss the Second Claim

for Relief, to the extent it alleges a claim under N.C. Gen. Stat. § 95-25.22, is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's motion to transfer (Doc. 9) this action to the United States District Court for the District of Nevada, Southern Division, is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Support of Defendant's Motion to Dismiss (Doc. 15) is **GRANTED**, that Plaintiff's motion to remand (Doc. 19) is **DENIED**, and that Plaintiff's motion to amend the complaint (Doc. 17) is **DENIED AS MOOT**.

This the 22nd day of March, 2016.

_____
United States District Judge

-17-